**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-CV-_____

JASON AARON PRESCOT, individually
and as Next Friend of J.R.P., and J.E.P.,
minors.

      Plaintiffs,

      v.

RICHARD VALDEZ, individually and in his
official capacity as Sheriff of Archuleta
County, Colorado; JAMES MARTINEZ,
individually and in his official capacity as
Deputy Sheriff of Archuleta County,
Colorado; DEREK WOODMAN,
individually and in his official capacity as
Undersheriff of Archuleta County, Colorado;
WARREN BROWN, and in his official
capacity as Operations Commander in the
Archuleta County Sheriff's Office;
ROXANNE LATTIN, individually and in her
official capacity as a Deputy Sheriff in the
Archuleta County Sheriff's Office;
HAYLEIGH BROWN, individually and in
her official capacity as a Deputy Sheriff in the
Archuleta County Sheriff's Office;
PATRICK SMITH, individually and in his
official capacity as a Detective in the
Archuleta County Sheriff's Office; CODY
CIVILETTO, individually and in his official
capacity as a Deputy Sheriff in the Archuleta
County Sheriff's Office; MICHAEL
SINDELAR, individually and in his official
capacity as a Deputy Sheriff in the Archuleta
County Sheriff's Office; JOHN DOES 1-5,
whose actual names are unknown as yet to the
Plaintiff; JANE DOES 1-5, whose actual
names are unknown as yet to the Plaintiff;
BOARD OF COUNTY COMMISSIONERS
OF ARCHULETA COUNTY COLORADO,

      Defendants.

1

_____

## COMPLAINT AND JURY DEMAND
_____

1.     Plaintiff Jason Aaron Prescott is a citizen of the State of Florida and is the father and next friend of J.R.P. and J.E.P., minors, and at all times material hereto was the husband of Erika Prescott.

2.     J.R.P. and J.E.P. (hereafter "the Prescott Children"), are citizens of the State of Florida.

3.     Defendant Richard Valdez is and was at all times material hereto the Sheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

4.     Defendant James Martinez is and was at all times material hereto a Deputy Sheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

5.     Defendant Derek Woodman is and was at all times material hereto the Undersheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

6.     Defendant Warren Brown was at all times material hereto the Operations Commander in the Sheriff's Department of Archuleta County, Colorado, and is a citizen of the State of Colorado.

7.     Defendant Roxanne Lattin is and was at all times material hereto a Deputy Sheriff in the Sheriff's Department of Archuleta County, Colorado, and is a citizen of the State of Colorado.

8.     Defendant Hayleigh Brown is and was at all times material hereto a Deputy Sheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

9.     Defendant Patrick Smith is and was at all times material hereto a Deputy Sheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

10.     Defendant Cody Civiletto is and was at all times material hereto a Deputy Sheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

11.     Defendant Michael Sindelar is and was at all times material hereto a Deputy Sheriff of Archuleta County, Colorado, and is a citizen of the State of Colorado.

12.     Board of County Commissioners of Archuleta County Colorado is the governmental entity responsible for supervision, training, and policies of the Archuleta County Sheriff's Office and the acts and omissions of the individual defendants named herein were committed pursuant to the supervision, training, and policies of the defendant Board of County Commissioners and ratified by the Board.

13.     John Does 1-5, whose true names are unknown are believed to be officers and employees of the Sheriff's Department of Archuleta County, Colorado.

14.     John Does 1-5, whose true names are unknown are believed to be officers and employees of the Sheriff's Department of Archuleta County, Colorado.

15.     The amount in controversy in this action is in excess of $75,000, exclusive of interest and costs and, therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

16.     The acts and omissions of the Defendants  set forth herein were taken by state actors and under color of state law for the purpose of depriving Plaintiffs of their civil rights under the Constitution of the United States of America and are actionable under 42 U.S.C. § 1983. Therefore, this Court has subject matter jurisdiction under 28 U.S.C. § 1331.

### **First Claim for Relief**
(Civil Conspiracy)

17.     In the Fall of 2020, Defendant Martinez began a personal relationship with Erika Prescott, wife of Plaintiff Jason Prescott.

18.     This relationship included flirtatious text messages and, upon information and

belief, personal meetings between Defendant Martinez and Erika Prescott.

16.  In the course of this relationship, Defendant Martinez conspired with Erika Prescott to "set up" Plaintiff Jason Prescott with a false claim of domestic violence, parental kidnapping or some other false allegation that would lead to the arrest of Plaintiff Jason Prescott.

19.  Defendant Martinez coached Erika Prescott to "separate" herself from Plaintiff Jason Prescott in the Archuleta County, Colorado marital residence and "create distance and promote silence" with the goal that "It will provoke him" and further coached her to "make sure to record" so that she could then make a false claim of domestic violence perpetrated by Plaintiff.

20.  That strategy of those co-conspirators failed and so Deputy Martinez conspired with Erika Prescott to make other false claims against Plaintiff Jason Prescott and counseled her to be sure to use the terms "cocaine" and "drug dealer" with respect to Plaintiff Jason Prescott in her interview with Defendant Patrick Smith on December 2, 2020 as Deputy Martinez knew that Defendant Smith was a former federal agent who would likely be triggered by those terms.

21.  As a result of the actions of these two conspirators, Erika Prescott did meet with Defendant Patrick Smith and made false claims and was coached as to how to frame her false claims in such a manner that an Arrest Warrant would be issued for Plaintiff Jason Prescott.

22.  Plaintiff Jason Prescott became suspicious that Erika Prescott and James Martinez were conspiring against him and that there would be an attempt by Erika Prescott and/or Defendant Martinez to make a false claim that might cause the arrest of Jason Prescott.

23.  At all times material hereto, Plaintiff Jason Prescott had sole physical custody of the Prescott Children under a Court Order entered May 15, 2019 from the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County Florida which provided that it was in the best interests of the Prescott Children to reside with Plaintiff Jason Prescott and provided for only

4

supervised parenting time twice a week for co-conspirator Erika Prescott. That Court Order remained in full force and effect at all times material to this action.

24.     Consequently, on December 2, 2020, at 4:52:20 9:00 PM, Lisa Ward, attorney for Plaintiff Jason Prescott, emailed Defendant Valdez, the Archuleta County Sheriff, and provided him with a copy of the Court Order of May 15, 2019 which included information that Erika Prescott had staged a fake domestic violence allegation against Plaintiff Jason Prescott, and the Court's Order providing that Plaintiff Jason Prescott would have sole physical custody of the Prescott Children and restricting Erika Prescott's parenting time to supervised parenting time only.

25.     Mr. Prescott's attorney put Defendant Sheriff Valdez on notice that as a result of the discovery of the text messages between Erika Prescott and Defendant Martinez "…it is clear that Ms. Prescott is premeditating further false allegations and has enlisted the assistance of a Sheriff's Deputy who has now knowingly or unknowingly become involved in Ms. Prescott's schemes to falsify yet another arrest against Mr. Prescott"  and that "… This is nothing but an attempt by Ms. Prescott to lay the groundwork for false allegations". The attorney's letter requested that the Defendant Valdez "… investigate this matter and the inappropriate discussions which appear to be setting up false allegations against Mr. Prescott".

26.     On December 3, 2020 at 9:26:53 AM Defendant Valdez replied "Thank you for bringing this matter to my attention" and continued, "The information will be turned over to my Operations Commander for a full review." Attorney Ward responded, "Please keep me updated" and on December 3, 2020 at 10:27:35 AM Sheriff Valdez replied "Will do."

27.     These responses by Defendant Valdez were false. In fact, the Archuleta County Sheriff's Office had already sworn out an Affidavit for Arrest of Plaintiff Jason Prescott based on false allegations of Erika Prescott and in complete disregard of Jason Prescott's rights under the

aforementioned Order of the Florida Circuit Court and under the Constitution of the United States, and a warrant had been issued for the arrest of Plaintiff Jason Prescott on December 2, 2020 by a judge of the Archuleta County District Court.

28.     In fact, the Affidavit for Arrest Warrant was false and incomplete and intentionally omitted exculpatory information, all with the goal of securing the arrest of Plaintiff Jason Prescott in violation of his constitutional rights and in violation of the recognized customs, practices, and procedures of the Archuleta County Sheriff's Office and applicable law. Had the Affidavit for Arrest Warrant included the exculpatory information, or had the Archuleta County Sheriff' Office investigated the allegations made by co-conspirator Erika Prescott, the Affidavit would have been significantly altered, or not filed at all, and the arrest of Plaintiff Jason Prescott would not have occurred.

29.     At the same time that Sheriff Valdez was purporting to express concern about the allegations of collusion between co-conspirators Erika Prescott and Defendant Martinez, and stating that the information would be turned over to his Operations Commander, Defendant Brown, "for a full review", there was no bona fide "full review" and instead, upon information and belief, Defendant Brown, Sheriff Valdez, Undersheriff Woodman, Defendant Sindelar and others conspired to issue an "Amber Alert" for the arrest of Jason Prescott and removal of his children from his custody, notwithstanding the above information and in violation of policies, procedures, and customs of the Archuleta Sheriff's Office and in violation of applicable law.

30.     As a result of the email correspondence of December 2, 2020, Defendant Valdez and the Archuleta County Sheriff's Office were put on notice that Plaintiff Jason Prescott had the full parental authority to have physical custody of the Prescott Children and co-conspirator Erika Prescott had no rights to physical custody of the children and was restricted to supervised parenting

6

time only on a schedule established by the Florida Court. Furthermore, even a cursory investigation by the Defendants would have revealed that the allegations by Erika Prescott were demonstrably false and the charges against Plaintiff Jason Prescott were dismissed.

31.    An "Amber Alert" was issued with respect to Plaintiff Jason Prescott and the Prescott Children and as a result, Jason Prescott was arrested in and placed in custody at approximately 1:37 AM on December 4, 2021 by the Colorado Springs Police Department. This arrest occurred in the middle of the night, in front of the Prescott Children, causing great distress, damage, and mental anguish to Plaintiff Jason Prescott and to the Prescott Children.

32.    Upon information and belief, the issuance of the Amber Alert was in violation of the customs, practices, and procedures of the Archuleta County Sheriff's Office.

33.    The Defendants conspired and agreed by words or conduct to accomplish an unlawful goal or to accomplish a goal through unlawful means and one or more acts were performed to accomplish this goal, the improper and unlawful arrest of Plaintiff Jason Prescott and the causing of damages and resulting severe emotional distress to Plaintiff Jason Prescott and the Prescott Children.

34.    All of the Defendants participated in the civil conspiracy identified above and Plaintiff Jason Prescott and the Prescott children suffered damages as a result thereof.

## **<u>Second Claim for Relief</u>**
(Malicious Prosecution)

35.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 34 hereof as if fully set forth.

36.    A criminal case was brought against Plaintiff Jason Prescott as a result of statements made by some or all of the Defendants, and adopted and ratified by all of the Defendants which were made without probable cause and without proper investigation and were made with malice

toward plaintiff Jason Prescott.

37.     The criminal case against Plaintiff Jason Prescott was dismissed.

38.     As a result of the criminal case, plaintiff Jason Prescott suffered damages.

**Third Claim for Relief**
(False Arrest)

39.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 38 of the Complaint.

40.     Defendants and each of them intended to cause the arrest of Plaintiff Jason Prescott and to restrict his freedom of movement thereby.

41.     Defendants and each of them, directly or indirectly, it did because the arrest and restriction of Plaintiff Jason Prescott's freedom of movement for a period of time and his incarceration as a result.

42.     Plaintiff Jason Prescott suffered damages as a result.

**Fourth Claim for Relief**
(Extreme and Outrageous Conduct)

43.     Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 42 as if fully set forth herein.

44.     The conduct of the Defendants, and each of them, was extreme and outrageous and was done recklessly or with the intent of causing the Plaintiffs' severe emotional distress.

45.     As a result of the conduct of the defendants, Plaintiff Jason Prescott and the Prescott Children did in fact suffer severe emotional distress.

46.     Defendants' wrongful conduct caused Plaintiff's' damages in an amount to be proven at trial.

**Fifth Claim for Relief**

(Deprivation of Civil Rights)

47.    Plaintiff incorporates herein by reference the allegations contained in paragraphs 1 through 46 as if fully set forth.

48.    The actions of the Defendants as set forth herein were taken under color of state law.

49.    The actions of the Defendants deprived the Plaintiffs of their rights to due process, the right of Defendant Jason Prescott to parent his children, the rights of the Prescott Children to parenting by their father, and the right of Plaintiff Jason Prescott to Liberty.

50.    These deprivations of constitutional rights resulted in damages to Plaintiff's as a result of the actions of all of the Defendants.

WHEREFORE Plaintiff Jason Prescott, individually and as next friend of J.R.P. and J.E.P. demands damages in an amount to be proven at trial and as provided by law, prejudgment interest as provided by law, and attorney's fees as provided by law.

**Plaintiff Demands Trial to a Jury**

Dated this 4th day of December 2021.

*/s/ Donald Lawrence, Jr.*
Donald Lawrence, Jr.
The Law Firm of Lisa Ward, LLC
101 W. 11th Street, Ste. 101
Durango, CO 81301
970-259-1120
Email: dlawrence@wardlawdurango.com
Attorney for Plaintiff

Address of Plaintiff (Temporary):
561 Big Sky Place
Pagosa Springs, Colorado 81147

9