**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:21-cv-03252-CNS-SBP

JASON AARON PRESCOTT, individually and as next friend of J.R.P., and J.E.P., minors,

    Plaintiffs,

v.

RICHARD VALDEZ, individually and in his official capacity as Sheriff of Archuleta County, Colorado;
JAMES MARTINEZ, individually and in his official capacity as Deputy Sheriff of Archuleta County, Colorado;
DEREK WOODMAN, individually and in his official capacity as Undersheriff of Archuleta County, Colorado;
WARREN BROWN, in his official capacity as Operations Commander in the Archuleta County Sheriff's Office;
MICHAEL SINDELAR, individually and in his official capacity as a Deputy Sheriff in the Archuleta County Sheriff's Office;
JOHN DOES 1-5, whose actual names are unknown as yet to the Plaintiff; and
JANE DOES 1-5, whose actual names are unknown as yet to the Plaintiff,

    Defendants.

**ORDER DENYING DEFENDANTS' MOTION FOR SANCTIONS (ECF No. 131)**

**Susan Prose, United States Magistrate Judge**

    This matter is before the court on Defendants' motion for sanctions, ECF No. 131 ("Motion for Sanctions" or "Motion"), after it was referred to the undersigned United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1). ECF No. 132. Defendants argue for sanctions against Mr. Prescott and his counsel on two grounds. First, they contend that Mr. Prescott violated this court's order dated March 26, 2024, ECF No. 94 ("March 26 Order"), by failing to appear for a deposition on July 9, 2024. Motion ¶¶ 20-42. Defendants' second

1

argument is less clear, but they appear to assert that Mr. Prescott's June 24, 2024 motion to amend the scheduling order, ECF No. 99 ("Motion to Amend"), was misleading or false and thus was filed in bad faith. Motion ¶¶ 43-51. Defendants move under Federal Rules of Civil Procedure 11 and 37 for sanctions in the form of their attorney's fees and an order of involuntary dismissal of this action with prejudice. *Id.* ¶¶ 42, 51, 55. Mr. Prescott filed a response, ECF No. 136 ("Response"), and Defendants replied, ECF No. 138 ("Reply").

For the reasons below, the Motion for Sanctions is **DENIED**.

I.    **Mr. Prescott's Deposition**

The court assumes the reader's familiarity with the factual and procedural history of this action and recounts only what is necessary to resolve the instant Motion.

By March 2024, Defendants had noticed Mr. Prescott's deposition four times. Mr. Prescott was scheduled to be deposed in April 2024 when his then-attorney, Donald Lawrence of the Law Firm of Lisa Ward, LLC, moved to withdraw on March 26, citing a recent medical diagnosis that prevented him from working. ECF No. 93. During a discovery conference held that same day, the court permitted Mr. Lawrence to seek an extension of the case deadlines and heard arguments regarding Defendants' attempts to depose Mr. Prescott. *See* March 26 Order. While the parties acknowledged the need to reschedule Mr. Prescott's April deposition date in light of Mr. Lawrence's imminent withdrawal, the court advised counsel for Mr. Prescott that

> [i]f Mr. Prescott is not present for his deposition on the next scheduled date, he may face sanctions, up to and including dismissal of the case, which the court will consider upon the filing of a formal motion by Defendants.

*Id.* (emphasis deleted). Shortly thereafter, the court extended the case deadlines and permitted Mr. Lawrence to withdraw, leaving Mr. Prescott without counsel. ECF Nos. 96, 97. The court

2

informed Mr. Prescott that he could not prosecute claims on his minor children's behalf while unrepresented and instructed him to promptly retain counsel if he wished to continue to pursue those claims. ECF No. 97.

On May 1, 2024, Defendants' counsel emailed Mr. Prescott—who at the time was still pro se—at his personal email address for input on dates in June for his deposition. ECF No. 113 at 3. When Mr. Prescott had not responded by May 15, Defendants communicated with a process server, providing her a notice setting Mr. Prescott's deposition for July 9 and giving her instructions about how to serve that notice on Mr. Prescott. ECF No. 138-3. On May 17, Lisa Ward, of the Law Firm of Lisa Ward, LLC, filed a notice of appearance on behalf of Mr. Prescott. ECF No. 98. After that, on May 22, Mr. Prescott was served with the deposition notice. *See* ECF No. 131-3.

In early June, Ms. Ward reached out to Defendants' counsel to discuss rescheduling Mr. Prescott's deposition due to a conflict on Ms. Ward's schedule for July 9. *See* ECF No. 136-1 at 1-14. Ms. Ward asked that the deposition be rescheduled for some time during the July 26 to July 29 timeframe, but the parties were unable to agree on a date for the deposition. *Id.* at 15-18. On June 25, Mr. Prescott filed a motion for a protective order "grant[ing] them 21 days to reschedule the deposition in this matter to accommodate counsels' calendars." ECF No. 104 ("Motion for Protective Order") at 5.[1] The court ordered expedited briefing, ECF No. 110, and Defendants later sought leave to file a surreply. ECF No. 117.

On July 8—the day before Mr. Prescott was set to be deposed—the court entered a

---

[1] Mr. Prescott initially sought a protective order on June 24, *see* ECF No. 100, but subsequently filed two amended motions for a protective order. *See* ECF Nos. 102, 104.

minute order:

> Pursuant to D.C.COLO.LCivR 30.2(a), the deposition of Plaintiff Jason Prescott is stayed pending a ruling on Mr. Prescott's [Motion for Protective Order]. The court further notes that Defendants extended the briefing on the pending motion by requesting leave to file a surreply after 7/1/2024.

ECF No. 119 ("July 8 Order"). On July 11, the court granted the Motion for Protective Order and ordered the parties to "work together to reschedule Plaintiff's deposition, which shall be taken within 21 days of this order." ECF No. 122 ("July 11 Order"). Additionally, the court permitted Defendants to file the current Motion for Sanctions. *Id.* Mr. Prescott sat for a deposition on August 1.

In the Motion for Sanctions, Defendants argue that Mr. Prescott violated the court's March 26 Order by failing to make himself available to be deposed on July 9. Defendants specifically invoke Rule 37(b), which provides for sanctions for failure to comply with a court order, to argue that sanctions are appropriate here.[2] "A Rule 37(b) violation occurs when (1) a prior discovery order was issued, and (2) a party or witness failed to obey an order to provide or permit discovery." *Cronick v. Pryor*, No. 20-cv-00457-CMA-MDB, 2024 WL 50194, at *3 (D. Colo. Jan. 4, 2024) (citing Fed. R. Civ. P. 32(b)(2)) (cleaned up).

The March 26 Order did instruct Mr. Prescott to attend his next noticed deposition, and his next deposition following that Order was scheduled for July 9. However, Mr. Prescott petitioned the court for a protective order to reschedule his deposition, and the court stayed the deposition pending a ruling on his Motion for Protective Order. July 8 Order. Three days later,

---

[2] Defendants also cite Rule 11(c), but their Motion does not make clear how Mr. Prescott's failure to attend the July 9 deposition violated that Rule. *See generally* Motion ¶¶ 20-42. The court therefore does not consider Rule 11 as a basis for Defendants' request for sanctions.

4

the court granted the Motion for Protective Order, stating "[t]he parties are ordered to work together to reschedule Plaintiff's deposition, which shall be taken within 21 days of this order." July 11 Order. Put simply, these rulings obviously excused Mr. Prescott from any obligation to attend his deposition on July 9 and had the effect of superseding the court's prior March 26 Order. It logically follows that Mr. Prescott did not violate a court order and that sanctions under Rule 37 are not warranted.

Undeterred by the court's unmistakably clear rulings, Defendants still insist that Mr. Prescott should be sanctioned for failing to appear on July 9. They double down on their position in their Reply, filed September 3, 2024:

> Plaintiffs and their counsel ignored this Court's order to appear at his next scheduled deposition date, which was July 9, 2024. Plaintiffs and their counsel did so without a current Court Order authorizing their nonappearance. Plaintiffs and their counsel were aware that there was no current Court Order authorizing their nonappearance on July 9, 2024, as they admit there *was no order authorizing* such until July 11, 2024.

Reply ¶¶ 38-40 (cleaned up, emphasis in original).

While the court's July 11 Order permitted Defendants to file the Motion for Sanctions—as opposed to barring them from doing so—the court would have expected them to see the exceedingly narrow, if not non-existent, chance of prevailing on the argument that Mr. Prescott violated a court order. The court cannot reconcile Defendants' position that there was no order authorizing Mr. Prescott to refrain from attending the July 9 deposition with their acknowledgments of this court's July 8 and 11 Orders in their Motion and Reply. Motion ¶ 30; Reply ¶¶ 22-23, 40. Having repeatedly stressed the loss of time and resources that they attribute to the conduct of Mr. Prescott and his attorneys, *see* Reply ¶¶ 41-42, Defendants apparently had

5

no qualms about using their own time and resources—as well as the court's—to raise this wholly unsupported request for sanctions.

Mr. Prescott did not violate a court order when he did not sit for his deposition on July 9; if anything, his absence *complied* with this court's instructions in its July 8 and 11 Orders. In so finding, the court emphasizes that Mr. Prescott exhibited no bad faith whatsoever in not attending a deposition on July 9. Defendants' first argument for sanctions is **DENIED**.

## II.     Mr. Prescott's Motion to Amend the Scheduling Order

On June 24, Mr. Prescott filed his Motion to Amend, asking the court to extend the deadline to designate affirmative experts—set for July 1—by fourteen days. Mr. Prescott based his request on the inability of one expert, Captain Ashley Heiberger, to produce a report before then. Motion to Amend ¶¶ 6-7. The court granted the requested extension on June 27. ECF No. 107. Defendants point out that Mr. Prescott's expert disclosures ultimately did not include a report from Captain Heiberger, nor did Mr. Prescott list Captain Heiberger as a designated expert. Motion ¶¶ 45-46; *see also* ECF No. 126. Additionally, Defendants take issue with the designation of Detective Boyd Neagle as a non-retained expert as he had not been previously mentioned as a potential expert. Motion ¶ 48. Defendants claim that their subsequent communications with Detective Neagle indicate that he has no information relevant to this case, does not intend to offer testimony, and told Mr. Prescott and his attorneys that he would not be participating in this matter as an expert. *Id.* ¶ 49.

Based on all this, Defendants insist that Mr. Prescott and his counsel filed the Motion to Amend in bad faith by misrepresenting the basis for the requested extension in violation of Rule

6

11, forcing Defendants to incur unnecessary costs.[3] *Id.* ¶¶ 50. Mr. Prescott responds that although he did seek to extend the expert deadline based on Captain Heiberger, he and his counsel "opted to change their strategy and utilize a different expert witness." Response ¶ 8.

Sanctions under Rule 11 are "an extraordinary remedy" meant to "discourage frivolous litigation, not to punish litigants." *Greeley Pub. Co. v. Hegert*, 233 F.R.D. 607, 611 (D. Colo. 2006). "The focus of Rule 11 is narrow. It relates to the time of signing of a document and imposes an affirmative duty on each attorney and each party, represented or pro se, to conduct a reasonable inquiry into the validity and accuracy of a document before it is signed." *Eisenberg v. Univ. of New Mexico*, 936 F.2d 1131, 1134 (10th Cir. 1991). Ultimately, the standard for determining whether Rule 11 sanctions are warranted is a purely objective one. *See Greeley Pub. Co.*, 233 F.R.D. at 610; *White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 680 (10th Cir. 1990) ("[A]n attorney's actions must be objectively reasonable in order to avoid Rule 11 sanctions.").

Here, there is insufficient evidence to show that Mr. Prescott or his attorneys affirmatively misrepresented the basis for their Motion to Amend. They have come forward with a plausible and reasonable explanation—that their litigation strategy changed upon further consideration—to explain Captain Heiberger's omission from Mr. Prescott's final expert designations. Furthermore, in granting the Motion to Amend, this court did not cabin its extension of the designation deadline solely to permit the designation of Captain Heiberger. It granted the Motion to extend the deadline for designating affirmative experts, with no

---

[3] Defendants also argue that these actions violate Rule 37(b), but again, they do not explain why that Rule is applicable, particularly when they have not alleged that Mr. Prescott's actions violated a court order. *See generally* Motion ¶¶ 43-51.

restrictions or caveats. ECF No. 107 (stating, in a text order, that "[t]he Designation of Affirmative Experts deadline is 7/15/2024"). Put simply, the court extended the deadline with no intent to micromanage the final content of the affirmative expert disclosures.

Nor is the court persuaded that Mr. Prescott's decision to designate Detective Neagle as a non-retained expert was "made for any improper purpose," or was in any way "frivolous," so as to violate Rule 11. Motion at 10; *see also* Fed. R. Civ. P. 11(b)(1). Defendants may believe that Detective Neagle has no information to provide, or that the detective would refuse to participate in the case, but Mr. Prescott and his counsel can take a different view of the matter without offending Rule 11. Designated experts ultimately may not testify at trial for myriad reasons, none of which evince bad faith in a party's decision to preserve its right to call that expert by proactively disclosing them pursuant to Federal Rule of Civil Procedure 26(a)(2).

In short, Mr. Prescott made no misrepresentation here that would warrant the extraordinary remedy of sanctions under Rule 11. *Greeley Pub. Co.*, 233 F.R.D. at 611. This sanctions request, too, is **DENIED**.

## CONCLUSION

For these reasons, Defendants' Motion for Sanctions, ECF No. 131, is **DENIED**.[4]

---

[4] Rule 72 of the Federal Rules of Civil Procedure provides that within fourteen (14) days after service of a Magistrate Judge's order or recommendation, any party may serve and file written objections with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. §§ 636(b)(1)(A), (B); Fed. R. Civ. P. 72(a), (b). Failure to make any such objection will result in a waiver of the right to appeal the Magistrate Judge's order or recommendation. *See Sinclair Wyo. Ref. Co. v. A & B Builders, Ltd.*, 989 F.3d 747, 783 (10th Cir. 2021) (firm waiver rule applies to non-dispositive orders); *but see Morales-Fernandez v. INS*, 418 F.3d 1116, 1119, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review, including when a "pro se litigant has not been informed of the time period for objecting

DATED: March 6, 2025                BY THE COURT:

_____
Susan Prose
United States Magistrate Judge

---

and the consequences of failing to object").