IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:21-cv-03252-CNS-SBP

JASON AARON PRESCOTT, individually and next friend of J.R.P. and J.E.P., minors,

     Plaintiffs,

v.

RICHARD VALDEZ, individually and in his official capacity as Sheriff of Archuleta County, Colorado;
JAMES MARTINEZ, individually and in his official capacity as Deputy Sheriff of Archuleta County, Colorado;
DEREK WOODMAN, individually and in his official capacity as Undersheriff of Archuleta County, Colorado;
WARREN BROWN, individually and in his official capacity as Operations Commander in the Archuleta Sheriff's Office;
MICHAEL SINDELAR, individually and in his official capacity as a Deputy Sheriff in the Archuleta County Sheriff's Office;
JOHN DOES 1-5, whose actual names are unknown as yet to the Plaintiff; and
JANE DOES 1-5, whose actual names are unknown as yet to Plaintiff,

     Defendants.

---

## ORDER

---

This matter comes before the Court on Plaintiffs' Objections to Report and Recommendation of Magistrate Judge Susan B. Prose [ECF #288], ECF No. 297, and Defendants' Objection to Magistrate Judge's Recommendation at ECF No. 288, ECF No. 295. The parties' objections were lodged in response to Magistrate Judge Susan B. Prose's Report and Recommendation of the United States Magistrate Judge. ECF No. 288 (Recommendation), which ruled on Plaintiffs' Motion for Sanctions for Spoliation of

Evidence, ECF No. 201. Additionally, Plaintiffs separately filed Plaintiffs' Objections to Order of Magistrate Judge Susan B. Prose [ECF No. 289], ECF No. 296, which objects to the magistrate judge's text order, ECF No. 289, denying as moot Plaintiffs' Motion for Leave to File Response to Defendants' Status Update Regarding Date of Phone Purchase, ECF No. 268, and Plaintiffs' Motion for Leave to File Reply to Defendants' Response to Motion for Leave to File Response to Defendants' Status Update Regarding Date of Phone Purchase (ECF 276), ECF No. 278.

The Court has reviewed the Recommendation, the text order, the parties' objections, and other relevant filings. For the reasons set forth below, the Court OVERRULES the parties' objections and AFFIRMS and ADOPTS the Magistrate Judge's Recommendation, ECF No. 288. Additionally, the Court OVERRULES Plaintiffs' objections to the magistrate judge's order denying their motions for leave as moot, ECF No. 289.

## I.    LEGAL STANDARD

Federal Rule of Civil Procedure 72(a) provides parties with the opportunity to object to a magistrate judge's order on a non-dispositive pretrial matter, and "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *Allen v. Sybase, Inc.*, 468 F.3d 642, 658 (10th Cir. 2006) (district courts "defer to the magistrate judge's ruling" on non-dispositive matters "unless it is clearly erroneous or contrary to law" (citations omitted)). "[M]ere disagreement with [a] Magistrate Judge['s] recommendation does not make the recommendation incorrect or outside the bounds of his authority." *Witt*

2

*v. Colorado*, No. 22-cv-02242-CNS-NRN, 2023 WL 345960, at *1 (D. Colo. Jan. 20, 2023)

(quotation marks and citation omitted). The Court applies this standard in assessing the

magistrate judge's text order denying as moot Plaintiffs' motions for leave, ECF No. 289.

However, with respect to the Recommendation, the Court acknowledges that the

magistrate judge's decision was issued as a report and recommendation, and not an

order, "out of an abundance of caution and in light of the seriousness of the adverse-

inference instruction recommended," and specifically "so that the district judge may

conduct a de novo review under Rule 72(b)." ECF No. 288 at 2 n.1. Accordingly, the Court

conducts a *de novo* review of the Recommendation and the parties' objections thereto.

*See, e.g.*, *Northington v. Marin,* 102 F.3d 1564, 1570 (10th Cir. 1996) (*de novo* review

requires the Court to "consider the actual testimony or other evidence in the record and

not merely [to] review the magistrate's report and recommendations"). In connection with

a *de novo* review, a Court may "accept, reject, or modify, in whole or in part, the findings

or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II.     ANALYSIS

### A.  Magistrate Judge Prose's Recommendation on Plaintiffs' Spoliation Motion [ECF No. 288]

The Court assumes the parties' familiarity with the procedural and factual

background in this case, all of which is laid out in meticulous detail in the

Recommendation. *See* ECF No. 288 at 2–18. For that reason, the Court need not repeat

all of those facts here. However, in sum, the Recommendation rules on Plaintiffs'

spoliation motion, which arises from the destruction of text messages exchanged between

Defendant Deputy James Martinez and Plaintiff Jason Prescott's then wife, Erika

Prescott, after November 29, 2020. ECF No. 201 at 2. Plaintiffs contend that the messages exchanged between the two are relevant to this proceeding because they "gave rise to and were part of the tortious conduct of Defendants in this case." ECF No. 201 at 2. Plaintiffs argue that even though the Defendant law enforcement officers knew that the text messages were relevant as early as December 2, 2020, they failed to preserve them. *Id.* at 34. Beyond a simple failure to preserve, however, Plaintiffs contend that, in fact, the relevant text messages were "willfully destroyed." *Id.* In response, Defendants argue that the text messages were not lost due to any willful act or a desire to hide evidence, but because Defendant Martinez purchased a new phone after exchanging the text messages at issue and the text messages were lost in connection with that process. ECF No. 234 at 8. Defendants further contend that Defendant Martinez purchased his new phone before "the currently litigated issues could have been reasonably foreseen." *Id.*

In the months after Plaintiffs filed their spoliation motion, Magistrate Judge Prose and the parties engaged in extensive fact-finding efforts to nail down exactly what happened with the missing messages. *See* ECF No. 288 at 17–18. Those efforts included ordering Defendants to (a) retain a forensic examiner to assess whether the lost messages could be retrieved and (b) locate Defendant Martinez's receipt for his replacement phone to confirm the date of purchase, ECF No. 261, as well as holding an evidentiary hearing to consider testimony and other evidence regarding the same. *See id.*; ECF Nos. 261, 267.

Despite this, and after considering the testimony, status reports, and evidence—including Defendant Martinez's "inconsistent and self-serving" explanations offered over the years to explain when he lost access to the messages at issue via his purchase of a new phone and activation of a new phone number, ECF No. 288 at 34—Magistrate Judge Prose concluded that she was unable to determine with certainty when the destruction occurred. Specifically, the Recommendation states that "[t]here is no data in the court record—phone carrier records, device logs, or any other form of contemporaneous documentation—corroborating when Mr. Martinez changed his phone or phone number." *Id.* at 36. The uncertainty of when these messages were lost is particularly important in light of the Recommendation's determination that even though Defendants knew that Defendant Martinez's text messages "should have been preserved . . . by December 3, 2020," they failed to take reasonable steps to do so. *Id.* at 26. With these findings, the magistrate judge concluded that a spoliation sanction in the form of an adverse inference was appropriate. *Id.* at 38.

Both parties raise objections to the Recommendation. ECF Nos. 295, 297. The Court individually addresses each below as part of its de novo review, and as explained below, overrules each parties' objections.

i.    *Defendants' Objections to the Recommendation [ECF No. 295]*

The Court first turns to the three objections offered by Defendants in response to the Recommendation, *see generally* ECF No. 295, none of which are persuasive.

***First***, Defendants object to the Recommendation's conclusion that Defendant Martinez was in possession of his old cell phone and the missing messages on December

2, 2020 as "contrary to the evidence." *Id.* at 2–4.[1] The Court disagrees. Magistrate Judge Prose's determination was made based on the limited evidence Defendants presented regarding the timeline of when Defendant Martinez purchased a new phone and changed his phone number. Indeed, contrary to Defendants' assertion that "finding that the phone ***and*** phone number must have been replaced between December 2-December 10 ignores multiple witnesses' testimony [and] assumes facts not in evidence," ECF No. 295 at 4, the inferences drawn by the magistrate judge are completely in-line with the evidence (and lack thereof) that was presented. *See* ECF No. 288 at 36.

Magistrate Judge Prose provided Defendants ample opportunities to confirm the actual date on which Defendant Martinez purchased his new phone and lost access to the messages at issue. *See, e.g.*, ECF No. 261. Despite this, Defendants have been unable to do so.[2] And the purportedly contrary evidence cited in Defendants' objection does nothing to support their argument. *See* ECF No. 295 at 4 (citing ECF No. 267 at 139).[3] Thus, absent additional evidence, the magistrate judge was left only with

---

[1] Defendants also ask the Court to take note of an "[a]dditional framework for determining sanctions for spoliation of electronically stored information" (ESI), in addition to the framework applied in the Recommendation. ECF No. 295 at 1–2. This is noted, but it does not change the Court's conclusion.

[2] The Court notes in particular two representations in Defendants' status report, including that (1) Defendant Martinez's Verizon account neither "show[s] when [a] phone was activated" nor contains "receipts . . . within the account documents to show the date that he purchased the phone or began installment payments," ECF No. 266 ¶ 4, and (2) "[t]here is no way known at this time . . . to determine, from the records available, what exact date the phone was purchased," *id.* ¶ 6. Upon review, and as a cellular device user herself, the Court finds that these statements strain common sense. Moreover, the Court is not convinced that defense counsel's review of Defendant Martinez's bank records was sufficient to conclude that his cell phone purchase or activation history is now definitively lost to time. Indeed, it strikes the Court as possible that such information may be available by viewing Defendant Martinez's full Verizon account history, which can presumably be requested from the provider. As discussed in further detail below, Plaintiffs may in fact uncover such information via the subpoenas that they recently issued to Verizon.

[3] Notably, far from confirming when Defendant Martinez changed his phone number, the cited testimony from Defendant Michael Sindelar shows only that he does not know when the purchase occurred. *See* ECF No. 267 at 193:9–16 (testifying "I don't know when exactly [Defendant Martinez] changed his number.").

Defendant Martinez's "shifting story marked by inconsistencies" regarding when his phone was replaced to reach a conclusion. ECF No. 288 at 36. And, when faced with contradictory evidence, she reasonably concluded that Defendant Martinez was still in possession of his old phone (and the at issue messages) on December 2, 2020. As Defendants present no evidence that actually demonstrates that this conclusion is erroneous, the Court sees no reason to disturb the Recommendation's conclusion on this point, even upon its own review of the evidence.

*Second*, Defendants object that the Recommendation's finding of bad faith was erroneous and does not support an adverse inference sanction. *See* ECF No. 295 at 4–7. Specifically, Defendants contend that "[e]ven if the messages had been lost between December 3, 2020, and December 10, 2020, [a] failure to communicate the need to preserve them to [Defendant Martinez,] a deputy on sick leave[,] does not indicate 'consciousness of a weak case,'" and, at most, demonstrates that "Defendants were negligent in their failure to communicate." *Id.* at 5. This objection fares no better than the first.

Defendants urge the Court to consider how the "[Tenth] Circuit has addressed ESI that was lost when someone obtained a new phone." *Id.* at 6 (citing *Philmar Dairy, LLC v. Armstrong Farms*, No. 18-cv-0530 SMV/KRS, 2019 WL 3037875 (D.N.M. July 11, 2019)). But as the citation to *Philmar* makes clear, that case was decided by a magistrate judge in the District of New Mexico, and not the Tenth Circuit Court of Appeals. Nevertheless, *Philmar* is distinguishable. As Defendants acknowledge, in that case, the court declined to make a bad faith determination after concluding that it could not "determine whether [a

witness] 'lost' the photos because he foresaw litigation . . . or he negligently lost them when acquiring a new phone." *Id.* (citing *Philmar*, 2019 WL 3037875, at *6). However, that conclusion was reached after hearing the witness's testimony regarding when he acquired a new phone, which "represent[ed] the only evidence cited by any party on how the photos became lost." *Philmar*, 2019 WL 3037875, at *6. And, in that case, "Plaintiffs present[ed] no evidence of *when* Defendants lost" the relevant information. *Id.* (emphasis in original).

Here, however, unlike in *Philmar*, the magistrate judge could and did consider additional evidence beyond just Defendant Martinez's testimony at the evidentiary hearing, including the statements Defendant Martinez himself made to other Defendants leading up to and during the course of litigation. *See* ECF No. 288 at 13–15 (observing that Defendant Martinez's "account shifted" in the explanations he offered regarding when he replaced his old phone). To the extent Magistrate Judge Prose determined that Defendant Martinez's testimony at the November 2025 evidentiary hearing "added further inconsistency to the timeline concerning his phone," *id.* at 15,[4] that conclusion was logically reached only after hearing the parties' testimony and reviewing the evidence presented. Considering the above, the magistrate judge concluded that there was "ample grounds for the court to infer that Mr. Martinez and Ms. Prescott were texting on

---

[4] Although the Recommendation does not explicitly state as much, to the extent the magistrate judge found Defendant Martinez's explanation to lack credibility, that is her prerogative as the factfinder weighing the evidence presented. *See, e.g.*, *Shell v. Henderson*, No. 09-cv-00309-MSK-KMT, 2013 WL 2394935, at *20 (D. Colo. May 31, 2013) ("Decisions involving discovery disputes often require the court to weigh competing versions of the facts, exercise considerable discretion in ascertaining relevance, and assess a party's good or bad faith, among other things.").

December 2, 2020, given that they spoke by phone" that same day as confirmed by Defendant Martinez's phone records. *Id.* at 38 (citing ECF No. 263-1 at 13).

In light of the above, and Defendants' objection notwithstanding, even upon its *de novo* review, the Court sees no reason to disturb the magistrate judge's conclusion that "Defendants possessed the requisite intent" to support an adverse inference sanction, *id.* at 33, particularly in light of Defendant Martinez's repeatedly "inconsistent [and] incomplete explanations about when he got rid of [his old phone]," *id.* at 16. *See also Deitz v. Univ. of Denver*, No. 95-cv-02756-WDM-OES, 2011 WL 723118, at *7 (D. Colo. Feb. 22, 2011) ("[W]here as here, the magistrate judge has seen and heard the witnesses, [the district court] may rely on [the magistrate judge's] findings of fact and credibility determinations" when conducting a *de novo* review pursuant to Rule 72(b)) (citing *Widermuth v. Furlong*, 147 F.3d 1234, 1236 (10th Cir. 1998)); *see also United States v. Raddatz*, 447 U.S. 667, 680–81 (1980) (substituting a judge's own credibility appraisal for the magistrate's without seeing or hearing the witnesses would raise serious questions).

**Third**, and finally, Defendants object that the Recommendation failed to consider the timeliness of Plaintiffs' spoliation motion, which Defendants argue "shows that any prejudice suffered by Plaintiff[s] is merely theoretical" because the motion was not filed until June 2025. ECF No. 295 at 10. However, Defendants also admit that they "did not expressly argue the timeliness of the Motion's filing" in their response brief. *Id.* at 8. "Generally, courts do not consider new arguments . . . raised in objection to a magistrate judge's report and recommendation that were not raised, and thus were not considered, by the magistrate judge." *Smith v. Crockett*, No. 20-cv-0841-WJM-MEH, 2023 WL

4945838, at *4 (D. Colo. Aug. 3, 2023) (citing *McCleland v. Raemisch*, 2021 WL 350808, at *2 (D. Colo. Aug. 10, 2021)).

Nevertheless, even considering Defendants' argument and the authorities on which it relies, the Court finds that they do not support the conclusion that the relief recommended by the magistrate judge is improper because Plaintiffs unreasonably delayed in filing their spoliation motions. In *TFG-N. Carolina, L.P. v. Performance Fibers, Inc.,* the court struck defendants' motion for sanctions for being "unreasonably delayed" where the motion was filed "after discovery closed, after dispositive motions were due to be filed and after decisions on the summary judgment motions were issued." No. 2:08-cv-00942 TC, 2011 WL 13238434, at *3 (D. Utah Jan. 10, 2011). Likewise, in *Allstate Vehicle & Prop. Ins. Co. v. Wogrin*, the court denied a sanctions motion based on the loss of evidence where defendants "did not seek relief until after discovery had closed" despite having already "filed both a dispositive motion and no less than four Rule 702 motions." No. 23-cv-00803-REB-TPO, 2024 WL 4993362, at *6 (D. Colo. Dec. 5, 2024). No such gamesmanship can be gleaned from the timing of Plaintiffs' spoliation motion here.

Accordingly, consistent with the foregoing, Defendants' objections, ECF No. 295, are overruled.

ii.      *Plaintiffs' Objections to the Recommendation [ECF No. 297]*

The Court turns next to Plaintiffs' objections to the Recommendation. The crux of Plaintiffs' objection is that the magistrate judge erred in finding that an adverse inference, rather than a default judgment, was the appropriate sanction considering the court's determination that Defendants acted with intent, and thus bad faith, to deprive Plaintiffs

of the at-issue text messages. *See* ECF No. 297 at 6–10 (citing ECF No. 288 at 31–37).

Plaintiffs contend that the Recommendation failed to analyze how an adverse inference,

as opposed to a default judgment, "meet[s] Rule 37's goals of curing the prejudice to

Plaintiffs and punishing and deterring [Defendants'] wrongful conduct." *Id.* at 8.

Our legal system "strongly prefers" adjudication on the merits. *Lee v. Max Intern.*,

LLC, 638 F.3d 1318, 1321 (10th Cir. 2011). Because default judgment deprives a litigant

of her day in court, it is appropriate "only where a lesser sanction would not serve the

interest of justice." *In re Rains*, 946 F.2d 731, 733 (10th Cir. 1991). As a result, in cases

where a default judgment is warranted, courts generally find more than what is presented

here. For example, in *Garcia v. Berkshire Life Ins. Co. Of Am.*, the Tenth Circuit upheld a

district court's imposition of a default judgment sanction where it found that the plaintiff

witness had "interfered egregiously with the court's administration of justice," including by

presenting fabricated evidence in support of her claim. *See, e.g.*, 569 F.3d 1174, 1179

(10th Cir. 2009). There, the Tenth Circuit accepted the district court's determination that

because the violative behavior created an "overwhelming" prejudice that "forced [the

defendant] to defend a lawsuit pervaded by false evidence," the entry of a default

judgment sanction was warranted. *Id.* at 1182. Likewise, in *Archibeque v. Atchison,

Topeka & Santa Fe Ry. Co.*, the Tenth Circuit upheld a lower court's dismissal of a

plaintiff's claims where the plaintiff included numerous false statements in her discovery

responses and withheld relevant information regarding her prior medical conditions. *See*

70 F.3d 1172, 1174 (10th Cir. 1995). In upholding that sanction the Tenth Circuit accepted

the lower court's determination that plaintiff's "failure to disclose her numerous complaints

11

and treatments involving her lower back and tailbone . . . [could not] reasonably be classified as 'mere oversight,'" but were instead actions that "seriously interfered with the judicial process" and "irreparably prejudiced [defendants] in the preparation of its defense." *Id.* 1174–75 (cleaned up). The Tenth Circuit also observed that plaintiff had "at no time, even in her arguments to this court on appeal, explained her conduct" and instead continued to represent that she had "fully cooperated in the discovery process." *Id.* at 1174.

Defendants' behavior here, though highly improper, does not rise to the levels discussed in *Garcia* and *Archibeque*. Accordingly, even upon its *de novo* review, the Court agrees with Magistrate Judge Prose's thoughtful conclusion that "the prejudice to Mr. Prescott may effectively be mitigated by less-severe means than the imposition of . . . a default judgment." ECF No. 288 at 38; *see also Sours v. Glanz*, 24 F. App'x 912, 915 (10th Cir. 2001) (unpublished) ("A drastic remedy like a default judgment or a dismissal 'is usually appropriate only where a lesser sanction would not serve the interest of justice.'").

Nevertheless, to the extent Plaintiffs are concerned that the jury instruction proposed in the Recommendation, *see* ECF No. 288 at 40, "doesn't cure the prejudice to Plaintiffs and certainly is not a severe enough sanction to punish [Defendants'] intentional spoliation," ECF No. 297 at 9, Plaintiffs should note that this Court's Standing Order Regarding Pretrial and Trial Procedures for civil cases contemplates that the parties will submit proposed jury instructions to Court in the first instance. *See* CNS Civ. Standing Order III.F.1 (stating that "[t]he Court requires preparation and submission of [jury]

instructions 21 days before the Trial Preparation Conference").[5] Additionally, the Court's

standing order also provides that "jury instructions will be revisited at the close of evidence

and the Court will hold a charging conference to ensure that counsel has the opportunity

to offer additional or alternative instructions based on the evidence." *Id.* § III.F. The Court

sees no reason to deviate from its ordinary practice in this case and will review and modify

all jury instructions as appropriate.

Accordingly, the parties may submit proposed jury instructions in accordance with

the standing order, including a proposed adverse inference instruction with supporting

authorities, ahead of the Trial Preparation Conference. Because adherence to the Court's

ordinary jury instruction procedure resolves Plaintiffs' remaining concerns, the objections

are overruled.

### B. Plaintiffs' Objection to Magistrate Judge Prose's Order Denying Plaintiffs' Motions for Leave to Amend [ECF No. 296]

Finally, the Court turns to Plaintiffs' objection, ECF No. 296, to Magistrate Judge

Prose's order, ECF No. 289, denying as moot Plaintiffs' Motion for Leave to File Response

to Defendants' Status Update Regarding Date of Phone Purchase, ECF No. 268, and

Plaintiffs' Motion for Leave to File Reply to Defendants' Response to Motion for Leave to

File Response to Defendants' Status Update Regarding Date of Phone Purchase (ECF

276), ECF No. 278 at 2.

In their objections, Plaintiffs contend that the Magistrate Judge's denial of Plaintiffs'

motions for leave was clearly erroneous and "contrary to law" because it denied Plaintiffs'

---

[5] The Court's Standing Order Regarding Pretrial and Trial Procedures is available here: http://www.cod.uscourts.gov/Portals/0/Documents/Judges/CNS/CNS_Civil_Standing_Order.pdf?ver=_6V xYooBzNEXYNmnpbIJhg%3d%3d.

due process rights. ECF No. 296 at 2–3. As a remedy, Plaintiffs request that the Court grant Plaintiffs' motions for leave to file a response and reply to Defendants' various status reports. *Id.*

One representation in Defendants' status report with which Plaintiffs take issue and to which Plaintiffs want to respond is the statement by Defendants' counsel that "[t]here is no way known at this time to determine what amount of the charge on December 7, 2020, was for phone installments versus phone lines and services, nor any way to determine, from the records available, what exact date the phone was purchased" by Defendant Martinez. *Id.* at 7 (citing ECF 266 ¶ 6). Plaintiffs contend that this statement "is absolutely not true" based on Plaintiffs' counsel's attempts to obtain similar information in his own Verizon wireless account. *Id.*

The Court appreciates the resourcefulness of Plaintiffs' counsel and their attempts to ferret out the validity of Defendants' representations. However, this key alleged misrepresentation identified in Plaintiffs' objection appears to have had no bearing on the decision reached in the Recommendation or resulting text order. Indeed, Defendants' status update at ECF No. 266 is referenced in substance in the Recommendation only once. Thus, although the Court agrees with and understands that the issues raised in Plaintiffs' objections, it finds that there was no clear error in the magistrate judge's decision not to grant Plaintiffs' motions for leave. Indeed, determinations about the relevancy of discovery and what evidence should be considered is within the Court's sound discretion, *see Marsee v. U.S. Tobacco Co.*, 866 F.2d 319, 325 (10th Cir. 1989), and the magistrate judge properly exercised that discretion here.

Nevertheless, the Court also notes that since the Recommendation was issued, Plaintiffs have filed a Notice of Subpoenas issued to Verizon Communications, Inc. and Verizon Value, Inc., *see* ECF Nos. 291, 291-1, 291-2, presumably in an attempt to secure Defendant Martinez's phone records and definitively establish when his new phone was purchased and his phone number changed. To the extent the subpoenas responses uncover additional information corroborating the statements in Plaintiffs' proposed response and reply, that information may be relevant to the Court in considering whether additional, or modified, spoliation sanctions are warranted. Moreover, to the extent Plaintiffs wish for the jury to understand the issues raised in Plaintiffs' motions for leave or uncovered in response to their subpoenas, they are permitted to raise such issue and introduce such documents at trial.

Accordingly, Plaintiffs' objections, ECF No. 296, are overruled.

## III.    CONCLUSION

Consistent with the above analysis, the Court OVERRULES Plaintiffs' Objections, ECF No. 297, and Defendants' objections, ECF No. 295, and AFFIRMS AND ADOPTS the Report and Recommendation of the United States Magistrate Judge, ECF No. 288, as an Order of this Court. Accordingly, Plaintiffs' Motion for Sanctions for Spoliation of Evidence, ECF No. 201, is GRANTED in part and DENIED in part. Consistent with the Court's adoption of the Recommendation, the Court hereby ORDERS that:

(1) Plaintiffs may present evidence to the jury regarding Defendants' failure to preserve the text messages between Defendant Martinez and Erika Prescott, including the circumstances around the loss of those text messages;

15

(2) The Court will give an adverse-inference instruction at trial, which will be finalized following the parties' submission of proposed jury instructions, consistent with the Court's pre-trial Standing Order; and

(3) For purposes of any motions filed, the Court will presume that the missing text messages contained information that is unfavorable for Defendants.

Additionally, the Court OVERRULES Plaintiffs' objections, ECF No. 296, and AFFIRMS the Order of the United States Magistrate Judge, ECF No. 289.

DATED this day 30th of March 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge